Informal Opinion No. 2011-3 Reginald Bullock General Counsel Nassau Health Care Corporation
2201 Hempstead Turnpike East Meadow, New York 11554
Dear Mr. Bullock:
You have requested an opinion relating to the number of votes necessary for the board of the Nassau Health Care Corporation ("Corporation") to transact business. The Corporation is a public benefit corporation established under Public Authorities Law article 10-C to provide health care services and health facilities within Nassau County. Public Authorities Law § 3401(2). It is governed by a board consisting of 15 members (called "voting directors" in the enabling statute), a majority of whom are appointed by the Governor upon the recommendation of specific state and county officers. Id. § 3402(1)(b), (c). The remaining members are appointed by county officials. Id. § 3402(1)(b). You have explained that the board currently has some vacancies and you anticipate more in the near future, and thus you ask how many board members are necessary to approve matters that are voted on. As explained below, we conclude that the number of members that must approve action is governed by the Corporation's enabling legislation and varies depending on the number of members currently in office and the number who are present at a meeting.
Analysis
Two conflicting provisions of the Public Authorities Law must be considered in responding to your question. First, within the provisions establishing the Corporation, the Legislature provided that 60% "of the voting directors then in office shall constitute a quorum." Public Authorities Law § 3402(2)(c). Under this *Page 2 
statute, the number needed for a quorum varies with vacancies on the board; that number is determined by the number of directors "then in office." See Roosevelt Islanders for Responsible SouthtownDev. v. Roosevelt Island Oper. Corp.,291 A.D.2d 40, 49-50 (1st Dep't 2001); New York StateUrban Devel. Corp. v. Vanderlex Merchandise Co.,98 Misc. 2d 264, 270-71 (Sup. Ct., N.Y. Co. 1979). Section 3402 further provides that "[n]o action shall be taken by the board of directors except pursuant to the favorable vote of a majority of the board at a meeting at which a quorum is present." Public Authorities Law § 3402(2)(c).
Second, Public Authorities Law article 9 provides certain rules generally applicable to authorities established under the Public Authorities Law. One of those provisions is section 2826, which provides that, "[n]otwithstanding any other provision" of the Public Authorities Law or any provision of any general, special, or local law, "whenever the whole number of the board of any authority or commission heretofore or hereafter continued or created" by the Public Authorities Law is three or more persons, "a majority of the whole number," that is, the total number the board would have without any vacancies or disqualified members, is needed to constitute a quorum. Additionally, "not less than a majority of the whole number of such board may perform and exercise" its powers.Id. § 2826. Under this statute, added to the Public Authorities Law in 1958, the number of members needed for a quorum and a majority does not change, even when vacancies exist on the board.[1]
The Corporation's enabling legislation took effect in 1997, rendering it subject to Public Authority Law § 2826's quorum and majority provisions unless that section was repealed with respect to the Corporation by the Corporation's enabling statute.
Section 2826's effectiveness was not expressly repealed by the Corporation's enabling statute.[2] The question of whether it was impliedly repealed by the Corporation's legislation is more complicated. We believe, however, that the better answer is that the general provisions of Public Authorities Law § 2826 were repealed with respect to their application to the Corporation by the later-enacted statute that established the Corporation, and thus that the special provisions of *Page 3 
section 3402 govern the number of directors who constitute a quorum and who must approve action by the Corporation.
We begin with the broad language of section 2826, which provides that notwithstanding any other provision of the Public Authorities Law or any other general, special, or local law, whenever the board of an authority "heretofore or hereafter continued or created" by the Public Authorities Law is composed of three or more members, the numbers required for quorum and majority are determined by the whole number of board members, without factoring in vacancies or disqualified members. The Corporation was created after section 2826 was adopted, and its board has 15 members, bringing it within the scope of the language of section 2826.
The conclusion that the provisions of section 2826 govern would, however, render the language of the Corporation's enabling legislation relating to quorum and majority a nullity. This is of course a strongly disfavored result.[3] See Statutes § 231, 1 McKinney's Cons. Laws of N.Y. at 388 (1971). Additionally, when a general statutory provision conflicts with a later-enacted special statutory provision, the later-enacted statute is deemed to have repealed the earlier general provision. Statutes § 397, 1 McKinney's Cons. Laws of N.Y. at 577 (1971). The conflict between the provisions of section 2826 and 3402 can be illustrated by the following examples relating to the number of directors each statute would require for a quorum: first, assuming no vacancies on the board, under section 3402, the special law governing the Corporation, nine of the 15 directors constitute a quorum, while under the general provisions of section 2826, eight directors are needed for a quorum. Next, assuming five vacancies on the board and ten directors remaining, under section 2826 eight directors are still needed for a quorum, but under section 3402 only six directors ("sixty percent of the voting directors then in office") must be present. In light of this conflict, established principles of statutory construction weigh in favor of concluding that the general provisions of section 2826 were repealed with respect to the Corporation by the Legislature's enactment of specific quorum requirements. We therefore are of the opinion that the language of the Corporation's enabling legislation relating to quorum governs, rather than the general provisions of section 2826, and thus that the number of directors who are needed to comprise a quorum varies with the number of directors "then in office."
We next turn to the question of the number of board members that must agree before an action is approved. As with its quorum provision, the portion of *Page 4 
Public Authorities Law § 3402(2)(c) relating to the necessary majority must be given meaning so as not to be a nullity. Section 3402(2)(c) provides that "[n]o action shall be taken by the board of directors except pursuant to the favorable vote of a majority of the board at a meeting at which a quorum is present." You have suggested that this could be interpreted to mean either a majority of the whole board ("the board"), or, alternatively, a majority of the directors present at a meeting as long as there is a quorum. For the following reasons, we favor the latter interpretation.
First, if a majority of the whole board, without factoring in vacancies, was what the Legislature intended — setting aside the question of whether such a provision was necessary in light of the broad reach of the majority provision of Public Authorities Law § 2826 — it need not have included the final clause of the majority provision, but could have simply provided that action may only be taken "pursuant to the favorable vote of a majority of the board." At the least, such phrasing would have created ambiguity to be resolved by application of canons of construction. The Legislature instead related the majority required to the quorum required at a meeting, and thus the majority provision is most sensibly interpreted to refer to a majority of the directors attending a meeting that has at least a quorum.
Additionally, this interpretation avoids the result of authorizing a quorum that cannot transact routine business. The quorum portion of section 3402(2)(c) clearly authorizes a lesser number than a majority of the whole to constitute a quorum, for example, six directors, if only ten directors are "then in office", or three directors, if only five directors are then in office. Interpreting the majority provision of section 3402(2)(c) to require a majority of the whole number without considering the number of vacancies on the board would require approval by eight votes, always, without respect to the number of directors "then in office," to transact business. Under this interpretation, the board could easily find itself with a quorum that has significantly fewer directors than would be required to have the board act. We do not believe the Legislature intended such a result. Instead, we believe that the second sentence of section 3402(2)(c) is best interpreted to mean that the board cannot take action except upon a favorable vote of a majority of the directors who attend a meeting at which a quorum is present. The number of votes necessary to approve action then will vary in relation to the number of seats filled and the number of directors who attend a meeting.[4] *Page 5 
Thus, in summary, we conclude that the provisions of Public Authorities Law § 3402(2)(c) govern the number of directors needed to convene a quorum and transact business, and those numbers vary depending on the number of directors then in office and the number of directors attending a meeting at which a quorum is present.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General in Charge of Opinions
[1] We need not consider the applicability of General Construction Law § 41, establishing general quorum and majority requirements for public bodies, because it does not apply when other provisions of law indicate that a different meaning or application was intended. General Construction Law § 110. Here, we have two other statutes that ostensibly establish quorum and majority rules for the Corporation.
[2] Other general provisions of the Public Authorities Law, however, were. See Act of Feb. 6, 1997, ch. 9, § 1, 1997 N.Y. Laws 45, 61 (providing that the Corporation is not subject to the general provisions of the Public Authorities Law that relate to the state governmental cost recovery system, title 10 of article 9).
[3] Concluding that the provisions of section 2826 do not apply to the Corporation in light of the specific provisions of section 3402 does not render section 2826 null; instead, that section provides a default rule for those authorities whose enabling legislation does not address quorum or majority requirements. See, e.g., Public Authorities Law article 3, title 2 (New York State Bridge Authority).
[4] For example, when the board has all 15 directors and no vacancies, a quorum is nine directors. When all 15 directors attend a meeting, the number of votes necessary to approve action is eight. If only nine directors attend a meeting, they still have a quorum but only need five votes to approve action. With five vacancies and ten directors, a quorum is six directors. If only six directors attend a meeting, four votes are needed to approve action, but if all ten directors attend, six votes are needed. This result is authorized by statutes governing other public authorities. See, e.g., Public Authorities Law § 1201(5) (a quorum for the New York City Transit Authority is a majority of the whole number of members then in office; except as otherwise provided by its enabling legislation, the authority can act by a majority vote of the members present at any meeting at which a quorum is in attendance); compare id. §§ 1204-d(2), 1205(5) (certain decisions of the New York City Transit Authority must be made by not less than a majority of the whole number of members of the authority then in office). *Page 1